IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ALBERT WALKER,

          Plaintiff,

v.                                          CIVIL ACTION NO. 2:05-cv-00658

THE FAMILY MEDICINE CENTER
OF CHARLESTON and THE CITY OF
CHARLESTON, WEST VIRGINIA, a political
sub-division of the State of West Virginia,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the City of Charleston's motion to dismiss [Docket 26]. Mr. Walker did not respond to the motion. For the reasons set forth herein, the court **GRANTS** the City of Charleston's motion.

**I.    Factual Background**

Mr. Walker brought an action pursuant to 42 U.S.C. § 1983 against the City of Charleston. Mr. Walker alleges that the City of Charleston violated his constitutional rights when its employees, contractors, servants or agents wrongfully arrested and charged him with forgery and uttering. Mr. Walker alleges, the officers wrongfully arrested him because they negligently investigated allegations made by the Family Medicine Center of Charleston, a co-defendant. As a result, Mr. Walker claims that the City of Charleston is vicariously liable for the deprivation of his constitutional rights when the officers wrongfully arrested him.

## II.     Standard of Review

To decide a motion to dismiss, the allegations of the complaint are taken as true and dismissals are allowed "only in very limited circumstances." *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989). Dismissal is proper only when no set of facts can be proven to support the complaint's allegations. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To make this determination, the court will view the complaint in the light most favorable to the plaintiff. *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).

## III.    Analysis

The City of Charleston claims that the Complaint did not state a claim against the City of Charleston because Mr. Walker did not aver that the City of Charleston's policies or customs resulted in his arrest. I agree.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1978). The United States Supreme Court also has held that a municipality can be liable under § 1983 for inadequate training of its employees. *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Mr. Walker's Complaint, however, does not allege that his supposed unlawful arrest was caused by a policy or custom of the City of Charleston, or that his arrest was the result of inadequate training. Mr. Walker merely alleges that employees of the City of Charleston falsely arrested him and therefore the City of Charleston is liable to him. Because Mr. Walker's Complaint does not allege that a custom or policy of the City of Charleston caused his

arrest, or that inadequate training resulted in his arrest, his Complaint fails to state a claim under 42 U.S.C. § 1983. *See Atchinson v. District of Columbia*, 73 F.3d 418, 422 (D.C. Cir. 1995) ("[A] section 1983 complaint alleging municipal liability must include some factual basis for the allegation of a municipal policy or custom.") As a result, the court **GRANTS** the City of Charleston's motion to dismiss and **DISMISSES** the City of Charleston from the case.

The remaining claim against the Family Medicine Center of Charleston is a state claim. Mr. Walker and the Family Medicine Center of Charleston are residents of West Virginia; therefore, they are nondiverse parties. Accordingly, the court does not have independent diversity or federal question jurisdiction over Mr. Walker's claim against the Family Medicine Center of Charleston. Nevertheless, the court must examine whether it should retain supplemental jurisdiction over these claims. 28 U.S.C. § 1367 (2000).

When a federal court has original jurisdiction in a civil action, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Id.* § 1367(a). When the basis for federal jurisdiction is dismissed, however, a court has discretion to retain or dismiss pending state-law claims.[1] § 1367(c); *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995). In exercising this discretion, the court considers the "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan,* 58 F.3d at 110. When

---

[1] 28 U.S.C. § 1367(c)(3) provides: "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."

exercising their discretion, trial courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Id.*

After considering the factors set forth in *Shanaghan*, and giving great weight to the comity factor, the court **FINDS** that these factors militate against exercising supplemental jurisdiction over Mr. Walker's state law claim. The court accordingly declines to exercise supplemental jurisdiction over the plaintiff's state law claim. Mr. Walker's state action against the Family Medicine Center of Charleston is therefore **DISMISSED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

          ENTER:    June 1, 2006

          JOSEPH R. GOODWIN
          UNITED STATES DISTRICT JUDGE